IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |  | |
|---|---|---|---|
| JAMES F. REIMER, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. 08-3201 | |
| | ) | | |
| JOHN SANDERS and JOHN GEE, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## OPINION

This matter comes before the Court on Defendants' Amended Motion for Summary Judgment (d/e 31) (Motion). The Plaintiff James F. Reimer alleges that Defendants Shelby County, Illinois, Deputy Sheriffs John Sanders and John Gee violated his Fourth Amendment rights by using excessive force when they arrested him (Count I) and by arresting him without a warrant in the curtilage of his residence (Count II). <u>Amended Complaint and Demand for Trial by Jury (d/e 16) (Complaint)</u>. Defendants seek summary judgment on all claims. Defendants also ask for oral argument. <u>Request for Oral Argument and Hearing (d/e 26)</u>. The request for oral argument is denied because the parties have fully briefed the matter and argument is unnecessary.

1

Reimer concedes that the Defendants are entitled to partial summary judgment on Count II. The Court, therefore, allows that portion of the Motion. For the reasons stated below, the remainder of the Motion is allowed in part and denied in part. The Defendants are entitled to summary judgment on Reimer's claim that the officers used excessive force in removing Plaintiff from their vehicle, but issues of fact remain regarding whether Defendant Sanders used excessive force in handcuffing Reimer and, if so, whether Defendant Gee should be liable for allowing Sanders to use such excessive force.

## STATEMENT OF FACTS

On August 11, 2008, an individual named Terry Duckett executed a criminal complaint in Shelby County, Illinois. Duckett alleged that Reimer came onto Duckett's property that day with a tractor or backhoe and used the tractor or backhoe to move or carry tree limbs. Duckett alleged that Reimer drove the tractor or backhoe at Duckett and struck Duckett with a tree limb. Deputies Sanders and Gee investigated the criminal complaint. During the course of the investigation, three witnesses corroborated

Duckett's story.  Motion, Undisputed Material Facts ¶¶ 3-6.[1]

Deputies Sanders and Gee then went to Reimer's residence in Shelby County, Illinois.  Reimer, his wife Judith Reimer, and an individual named Victor Zinn were seated on the patio in the yard of the home.  Deputies Sanders and Gee walked up to the patio.  Reimer was talking on the telephone when they arrived.  Deputies Sanders and Gee waited until Reimer completed his telephone conversation before speaking to him.  Motion, Undisputed Material Facts ¶¶ 7, 8, 15.

Deputy Sanders then told Reimer that Duckett had executed a criminal complaint against him based on the incident earlier that day "down at the Ducketts."  Deputy Sanders asked Reimer for a statement regarding what happened.  Reimer stated that he did not know what they were talking about and would not give them a statement.  Deputy Sanders told Reimer that they would have to arrest him if he did not give them a statement.  Reimer did not make a statement.  Motion, Undisputed Material Facts ¶¶ 16-19.

Deputy Sanders told Reimer to stand up and that he would have to be

---

[1]The Court cites to the parties' Statements of Undisputed Facts that the opposing party agrees are undisputed.

3

handcuffed. Reimer stood up as instructed. Deputy Sanders asked Reimer to put his hands behind his back. Motion, Undisputed Material Facts ¶¶ 20, 21. Reimer told the Deputies that his left shoulder was broken and he could not put his left hand behind his back.[2] Motion, Exhibit A, Deposition of James F. Reimer, at 45. Deputy Sanders, however, handcuffed Reimer with his hands behind his back. Id.; Motion, Undisputed Material Facts ¶ 21.

Deputies Sanders and Gee walked Reimer to their squad car. Reimer complained about the lack of room in the rear of the squad car. Deputy Gee moved the seat up. Reimer Deposition, at 67-68. Reimer told Deputy Gee, "You didn't help a damn bit." Id. at 69. Reimer knew he was goading Deputy Gee when he made the comment. Motion, Undisputed Material Facts ¶ 25.

The Deputies drove Reimer to the Shelby County Sheriff's Department/Shelby County Detention Center (Department). Upon arriving at the Department, Deputy Gee opened the passenger door for Reimer.

---

[2]Defendants dispute whether Reimer made this statement, but for purposes of summary judgment, the Court must look at the evidence in the light most favorable to Reimer as the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The Court must assume, for purposes of the Motion, that Reimer told the Defendants that his left shoulder was broken and that he could not put his left hand behind his back.

4

Reimer told Deputy Gee that he could not get out of the squad car. Deputy Gee grabbed Reimer's right arm and tried to pull or drag him out of the squad car. Deputy Gee's actions caused Reimer great pain. Reimer told Deputy Gee to stop. Deputy Gee stopped. Deputy Gee, however, had pulled Reimer far enough toward the car doorway that Reimer could get out of the car by himself. Reimer Deposition, at 76-79.

Upon arriving at the Department, the handcuffs were removed. Motion, Undisputed Material Facts ¶ 30. Reimer did not express complaints about shoulder pain to the Defendants at any time from the time Deputies Sanders and Gee arrived at the patio until the handcuffs were removed. Motion, Undisputed Material Facts ¶ 31. Reimer was cooperative throughout the incident and did not resist or threaten Deputies Sanders or Gee. Response to Amended Motion for Summary Judgment (d/e 32) (Response), Additional Material Facts ¶¶ 9, 10.

After this incident, Reimer underwent further and more extensive medical treatment on his left shoulder, including surgery. Response, Additional Material Facts ¶ 7. Reimer brought this action against Defendants Sanders and Gee for excessive use of force during this incident.

ANALYSIS

Defendants Sanders and Gee now move for summary judgment. At summary judgment, the Defendants must present evidence that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The Court must consider the evidence presented in the light most favorable to Reimer. Any doubt as to the existence of a genuine issue for trial must be resolved against the Defendants. Anderson, 477 U.S. at 255. Once the Defendants have met their burden, Reimer must present evidence to show that issues of fact remain with respect to an issue essential to his case, and on which he will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In this case, the factual disputes preclude summary judgment.

Excessive force in the context of an arrest is analyzed under a standard of objective reasonableness under the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 395 (1989). The nature and extent of the force that may be used depends upon the circumstances surrounding the arrest, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396;

Stainback v. Dixon, 569 F.3d 767, 772 (7th Cir. 2009). The circumstances are to be viewed from the perspective of a reasonable officer at the scene. In assessing the facts from that perspective, the Court must recognize that officers often need to make split-second judgments based on rapidly developing events. Holmes v. Village of Hoffman Estate, 511 F.3d 673, 685 (7th Cir. 2007).

In this case, the officers were faced with an unarmed individual sitting on his own patio at his own home. When Deputy Sanders asked for a statement about the alleged assault, Reimer denied knowing anything about the alleged incident. When Deputy Sanders stated that they had to arrest Reimer and ordered him to stand up, Reimer complied. When Deputy Sanders told Reimer to put his hands behind his back, Reimer told him that he had a broken left shoulder and could not put his left hand behind his back.

At this point the officers knew that Reimer's shoulder was broken. The officers, thus, were "obligated to consider that information, together with the other relevant circumstances, in determining whether it was appropriate to handcuff" Reimer with his hands behind his back. Stainback, 569 F.3d at 773. In this case, Reimer was accused of a serious crime;

however, he was not resisting, he was unarmed, and he did not pose an immediate threat to the safety of the officers or others. There is no evidence that he was a flight risk. Under these circumstances, a reasonable officer could have concluded that handcuffing Reimer with his hands behind his back was excessive and could cause Reimer unnecessary pain and risk of injury. Thus, it is an issue of fact whether Deputy Sanders used excessive force in handcuffing Reimer.

Deputy Gee argues that he did not use excessive force in the handcuffing because he did not apply the handcuffs. Deputy Gee, however, was present and observed Deputy Sanders' use of excessive force and did nothing to stop him. An officer who is present at the scene and who fails to take reasonable steps to protect the victim from another officer's use of excessive force can be held liable. Thompson v. Boggs, 33 F.3d 847, 857 (7th Cir. 1994). There is at least an issue of fact regarding whether Deputy Gee should have stopped Deputy Sanders from handcuffing Reimer with his hands behind his back.

The Defendants both assert the defense of qualified immunity. The Defendants are entitled to qualified immunity at summary judgment unless Reimer can present evidence that: (1) the Defendants violated Reimer's

8

rights, and (2) a reasonable state official would have known that the actions were unconstitutional in light of clearly established controlling authority. Pearson v. Callahan, __ U.S.__, 129 S.Ct. 808, 818 (2009). Prior to the incident, the Seventh Circuit had held that the use of handcuffs can constitute excessive force when, as here, the suspect posed no threat to the safety of the officers and no risk of flight, and the officers were on notice that the use of the handcuffs would cause injury to the suspect. Payne v. Pauley, 337 F.3d 767, 779 (7th Cir. 2003) and cases cited therein.[3] The Defendants, therefore, are not entitled to qualified immunity with respect to handcuffing Reimer.

The Defendants, however, are entitled to partial summary judgment with respect to whether Deputy Gee used excessive force to try to get Reimer out of the squad car when they arrived at the Department. Reimer told the Defendants that he could not get out of the car. Deputy Gee grabbed Reimer's right arm to try to get him out of the car. Deputy Gee had no reason to believe Reimer's right shoulder was injured. Thereafter, Reimer told Deputy Gee to stop, and Deputy Gee stopped. Once Deputy

---

[3]The Stainback opinion is not controlling authority for qualified immunity purposes because the decision was issued in 2009, after these events occurred.

Gee was on notice of the problem, he stopped. This evidence does not support a finding that Deputy Gee used excessive force actions at this stage.

THEREFORE, Defendants John Sanders and John Gee's Amended Motion for Summary Judgment (d/e 31) is ALLOWED in part and DENIED in part. Partial summary judgment is entered in favor of Defendants John Sanders and John Gee and against Plaintiff James F. Reimer on Count II of the Amended Complaint and Demand for Trial by Jury. With respect to Count I, the Court finds, pursuant to Federal Rule of Civil Procedure 56(d)(1), that Defendant Gee did not use excessive force in connection with trying to get Plaintiff Reimer out of the squad car at the Shelby County Sheriff's Department/Shelby County Detention Center. The Amended Motion for Summary Judgment is otherwise DENIED. Defendant's Request for Oral Argument and Hearing (d/e 26) is DENIED.

ENTERED this 16th day of November, 2010

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE