IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

James F. Reimer,                 )
                                 )
           Plaintiff,            )
     vs.                         )   Case No. 08-cv-3201-MPM-BGC
                                 )
John Sanders and                 )
John Gee,                        )
                                 )
           Defendants.           )

## MOTION FOR LEAVE TO WITHDRAW

Now comes Michael J. Meyer, counsel of record for the Plaintiff, James F. Reimer, and moves that he be granted leave to withdraw and in support hereof states:

1. That on September 16, 2008 counsel and the Plaintiff entered into a Contingent Fee Contract, which provides, *inter alia*, that the Plaintiff is responsible for all expenses incurred in conducting this litigation. (See Exhibit A)

2. That the Plaintiff has failed to pay past expenses in this case advanced by counsel, in spite of frequent requests that he do so.

3. That counsel has advised the Plaintiff that substantial further expenses will be required in order to take this case to trial, including the expense of medical testimony by deposition or by personal appearance of a physician or physicians at trial, in order to prove Plaintiff's alleged personal injury damages.

4. That, during a telephone conversation with the Plaintiff on December 24, 2010, the Plaintiff advised counsel in no uncertain terms that he would pay no expenses, either past or future in this case.

5. That during the telephone conversation of December 24, 2010, the Plaintiff was verbally abusive to counsel to the extent that the attorney-client relationship, already tenuous, has been destroyed.

6. That the Plaintiff's conduct has justified withdrawal of counsel pursuant to the provisions of Rule 1.16(b)(5) and (6) of the Illinois Rules of Professional Conduct of 2010.

7. That Plaintiff has been given reasonable warnings that counsel will withdraw unless the obligation to pay expenses is fulfilled. (See, for example, Exhibit B)

Dated this 24th day of December, 2010.

                                                        s/ Michael J. Meyer
Michael J. Meyer (Illinois Bar Number: 1895923)
Attorney for Plaintiff
212 East Jefferson Ave.
P.O. Box 129
Effingham, IL 62401
Telephone: 217-347-0791
Fax: 217-347-5757
E-mail: mjmeyer@consolidated.net

## CERTIFICATE OF SERVICE

I hereby certify that on December 24, 2010 I electronically filed **Motion For Leave To Withdraw** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Gregory J. Berg, berg.g@thielenlaw.com

I further certify that a copy of this instrument was served upon:

James F. Reimer
Rt. 2 Box 156
Shelbyville, IL 62565

His correct current address, by enclosing same in envelopes so addressed, with proper postage fully prepaid, via certified mail, return receipt requested, and via first class mail, and by depositing said envelopes in the United States mail at Effingham, Illinois on the 24th day of December, 2010.

         Respectfully submitted,

         s/ Michael J. Meyer
         Michael J. Meyer (Illinois Bar Number: 1895923)
         Attorney for Plaintiff
         212 East Jefferson Ave.
         P.O. Box 129
         Effingham, IL 62401
         Telephone: 217-347-0791
         Fax: 217-347-5757
         E-mail: mjmeyer@consolidated.net

## **CONTINGENT FEE CONTRACT**

The undersigned, hereinafter referred to as "Client," engages the professional services of Michael J. Meyer, attorney at law, to pursue on behalf of Client any and all claims arising out of an occurrence of August 11, 2008 against Shelby County deputy sheriffs John Sanders and John Gee or any others who may be liable to Client on account of the use of excessive force in effecting an arrest on said date or other violations of Client's civil rights arising out his arrest on that date or arising out of the filing of criminal charges against him based upon his alleged conduct of that date. Attorney agrees to provide said services to Client.

Client agrees that attorney fees shall be paid to Attorney as follows: The larger of: (1) Thirty-three and one-third percent (33 1/3%) of any recovery; or (2) any award or agreement for recovery of attorney fees against the responsible parties pursuant to 42 U.S.C. §1988 or other authority for said recovery.

Said percentage shall be determined based upon the gross recovery prior to deduction of litigation or other expenses.

Client agrees that associate counsel may be employed at the discretion and expense of said Attorney, and that any attorney so employed may be designated to appear on behalf of Client and undertake Client's representation in the matter.

EXHIBIT A

Client further agrees that, in addition to the above attorney fees, all expenses necessarily incurred by Attorney in the investigation and prosecution of said claim or claims shall be paid by Client upon request, and that Attorney may request advance payment. If Attorney advances any such expenses, which he is not required to advance under the terms of this agreement, said advanced expenses shall be deducted from the proceeds of recovery.

Client acknowledges receipt of a copy of this contract.

IN WITNESS WHEREOF, the parties have affixed their signatures below:

DATED: 9-16-08

_____
James F. Reimer

DATED: 9-16-08

_____
Michael J. Meyer


MICHAEL J. MEYER
Attorney at Law
212 East Jefferson Avenue
P.O. Box 129
Effingham, Illinois 62401
Telephone: 217-347-0791

2

# MICHAEL J. MEYER

### ATTORNEY AT LAW

**Telephone: (217) 347-0791**

212 East Jefferson Avenue
P.O. Box 129
Effingham, IL 62401-0129

**FAX: (217) 347-5757**

September 3, 2010

James F. Reimer
Rt. 2 Box 156
Shelbyville, IL 62565

          RE:   Reimer v. Sanders and Gee
                 My file: M1-5575

Dear Jim:

    Enclosed are the following:

    1.   Copy of Motion for Summary Judgment filed by defense counsel on August 31.

    2.   Copy of my correspondence to you of December 11, 2009, at which time I requested payment by you of the expenses in this case.

    3.   Copy of correspondence to you of December 21, 2009, at which time I advised that I would not conduct any further discovery until the matter of expenses had been resolved.

    As you know, you have many unpaid bills with my office, and I can only assume that you have no intention of paying them.

    I will also assume that you have no intention of paying the expenses in this case.

    Be advised that there will be substantial further expenses incurred in taking this case to trial, including, most importantly, the expense of obtaining medical testimony through further depositions. I will not be paying any such expenses on your behalf.

EXHIBIT B

Motion for Summary Judgment has been resolved. I believe that the Motion for Summary Judgment will be denied.

Immediately upon receipt of the Court's decision as to the Motion for Summary Judgment, I will file a motion for leave to withdraw as your attorney in this case based upon the fact that you are refusing to pay, or cannot pay, the expenses as required by our Attorney-Client Contract.

Since this case is scheduled for trial in December, I urge you to seek other counsel immediately.

Very Truly Yours,

Michael J. Meyer

MJM/sd
Enclosures